**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Oscar Eligio Amaya,

Petitioner,

v.

Kevin Raycraft, Immigration and Customs Enforcement, Detroit Field Office, Field Office Director of Enforcement and Removal Operations, *et al.*

Respondents.

_________________________________/

Case No. 25-13539

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR ATTORNEY FEES [18]**

Before the Court is Petitioner's motion for attorney fees. (ECF No. 18.) For the reasons set forth below, Petitioner's motion is denied.

Petitioner seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA permits a party to seek attorney fees in suits against the United States in certain circumstances. "To recover costs and fees under the EAJA, the applicant must satisfy four criteria: '(1) that the fee applicant be a prevailing party;

(2) that the government's position not be substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee applicant file the requisite application within thirty days of final judgment.'" *Acosta v. Cathedral Buffet, Inc.*, 892 F.3d 819, 821 (6th Cir. 2018) (quoting *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007)).

On December 9, 2025, the Court issued an order granting the petition for a writ of habeas corpus. (ECF No. 13.) In this order, the Court determined that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1225(a) and that Petitioner is not an "arriving" noncitizen subject to detention under 8 U.S.C. § 1225(b)(2). (*Id.* at PageID.284.)

Petitioner's motion is denied. He does not demonstrate that the Respondent's position was not substantially justified. Although the Sixth Circuit has issued an opinion that comes to the same conclusion as the order issued in this case—*Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026)—other circuit courts have set forth opinions that state the opposite. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). It is difficult to conclude that Respondent's position was not substantially justified when the key

issue in this case is the subject of a circuit split. *See Gun Owners of Am., Inc. v. Bondi*, 168 F.4th 813, 825 (6th Cir. 2026) (considering other circuit court opinions when determining if the government's position was substantially justified).

Additionally, even if Petitioner sufficiently demonstrated entitlement to recover attorney fees under the EAJA, his request for attorney fees lacks essential information. The EAJA requires the prevailing party to submit "an itemized statement from any attorney . . . representing or appearing in [*sic*] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Petitioner states that 19 hours were spent "on habeas petition," 4 hours were spent "on specialized research," and 8 hours were spent "on EAJA motion." (ECF No. 18-3, PageID.323.) The Court is unable to discern what "specialized research" involved, nor does Petitioner sufficiently explain why these hours are justified for these tasks.[1]

[1] The Court notes that Petitioner does not include any information or argument regarding his hours in his reply brief (ECF No. 22), despite Respondent's arguments in its response brief. (*See* ECF No. 20, PageID.364–367 (arguing that Petitioner requests an unreasonable number of hours).)

For the reasons set forth above, Petitioner's motion for attorney fees is DENIED. (ECF No. 18.)

IT IS SO ORDERED.

Dated: August 26, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager